*(Circuit Court of Cook County.)*

## The People

### vs.

### Adsit, et al.

(1868.)

Bail—Admission to—Power of Court of Another Circuit—Arrest on Indictment. A court of another circuit than that in which a prisoner has been indicted and is held in custody has no power to admit him to bail.

Habeas corpus. Heard before Judge Erastus S. Williams.

Adsit and Abbey were indicted in the Kane county circuit court, charged with obtaining the conveyance to themselves of a farm, by false pretences. A capias was issued, and they were arrested by the sheriff of that county. No order for the taking of bail was made by the circuit court of Kane county, and the defendants were lodged in jail at Geneva. They sued out a writ of *habeas corpus* from the circuit court of Cook county, asking to be let to bail, and setting up the illness and inability to act of the judge of the Kane circuit, as a reason for applying to the circuit court of Cook county.

Judge J. G. Wilson appeared in opposition to the application, and suggested a doubt as to the power of the circuit court of Cook county to admit the petitioners to bail. He reviewed the provisions of the statutes, and claimed that the only provision in relation to the taking of bail, *after indictment found,* is the 175th section of the criminal code, which provides as follows: "It shall be the duty of the circuit court, when any indictment shall be found as a true bill, to make an order, fixing the amount of bail to each offence bailable by law, to be endorsed on the process of the clerk." He claimed that the 206th section applies only to the cases of persons committed to jail on a criminal charge for want of bail after a hearing by an examining magistrate; in which cases any judge or two justices may take bail. He also cited the acts of congress of 1789 and 1793, which provide that in case of the absence from a district of a judge of the United States district court, a judge of a state court, mayor of a city, etc., may take bail; and he claimed that this was in the nature of a legislative construction, that, in the absence of such a provision, no other court or tribunal would have power to admit to bail.

He referred to the fact that the court of king's bench, in England, as the superior court of the realm, and having the control of all superior courts, exercised the power to admit to bail in all cases where the inferior court had failed to do so; that under our system circuit courts are of equal dignity

and power, and each the superior court within its jurisdictional limits. He also quoted the remark of Lord Bacon, "It is a general rule that *whosoever may judge of the offense* may bail the offender," and claimed that as the indictment is pending in another circuit, the circuit court of Cook county has no jurisdiction to try and determine the case, and therefore may not take bail.

Mr. Pulver for the petitioners urged the great hardship in this, as well as other similar cases that might arise, if the law as claimed by Judge Wilson was to prevail, and urged that the court under the circumstances ought to interpose and admit the petitioners to bail.

Judge Williams, in delivering his opinion, remarked that the question presented was a new one, and he had suggested to the petitioners' counsel at the time of allowing the writ, his doubts as to the power of the court to take the desired action. He said as the case stood it was one of great hardship, and it was his duty to admit the defendants to bail if, under the law, he was authorized to do so. On the other hand, the people were entitled to have legal and competent bail, and if he were to act without authority the bail would be unavailing. Upon such examination as he had been able to give the question, his doubts as to the power of the court to act were only strengthened, and he felt it to be his duty to deny the prayer of the petition and remand the prisoners into the custody of the sheriff of Kane county.